ANNA Y. PARK, CA SBN 164242
PETER F. LAURA, CA SBN 116426
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894 1079
Facsimile: (213) 894-1301
E Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

THEODORE R. SCOTT, Bar No. 108849
tscott@littler.com
BRADY J. MITCHELL, Bar No. 238572
bmitchell@littler.com
LITTLER MENDELSON
A Professional Corporation
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
Telephone: 619.232-0441
Facsimile: 619.232-4302

Attorneys for Defendant
FIRST STUDENT, INC.

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FIRST STUDENT, INC., DOES 1 - 10,<br><br>Defendants. | Case No. CV-09-7102-R (VBKx)<br><br>**CONSENT DECREE; ORDER** |

# I.
# **INTRODUCTION**

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and Defendant First Student, Inc. (referred to as "First Student" or "Defendant") agree to the entry of this Consent Decree to resolve the EEOC's Complaint, filed under Title VII of the Civil Rights Act, as amended, 42 U.S.C. section 2000e et seq. ("Title VII"). The EEOC's complaint alleges that Shanita Rogers, hereafter referred to as the "Charging Party," and other similarly situated individuals were subject to unlawful employment practices on the basis of their sex (female). The complaint alleges that Charging Party and others were subjected to sexual harassment in violation of Title VII during their employment with Defendant. The Commission's complaint further alleges that the Charging Party and others were retaliated against after complaining about the harassment.

# II.
# **PURPOSES AND SCOPE OF THE CONSENT DECREE**

A. The Parties to this Consent Decree ("Decree") are the EEOC and Defendant. This Decree shall be binding on and enforceable against Defendant and its officers, directors, agents, successors, and assigns.

B. The Parties have entered into the Decree for the following purposes:

    1. To provide monetary and injunctive relief;

    2. To ensure that Defendant's employment practices comply with federal law;

    3. To ensure a work environment free from sex-based harassment and retaliation subsequent to any complaint of harassment;

    4. To ensure training for Defendant's managers and employees with respect to the law against sex-based discrimination, harassment and any subsequent retaliation;

5. To ensure the provision of an appropriate and effective mechanism for handling complaints of sex-based discrimination, harassment and/or retaliation in the workplace; and

6. To avoid expensive and protracted costs incident to this litigation.

## III.

## **DEFINITIONS**

For purposes of this Decree the following definitions shall apply unless specifically indicated otherwise:

1. "EEOC" shall mean the U.S. Equal Employment Opportunity Commission.

2. "Defendant" shall mean First Student, Inc.

3. "Lawsuit" shall mean the complaint filed by EEOC against Defendant in the United States District Court, Central District of California on September 30, 2009, captioned *U.S. Equal Employment Opportunity Commission v. First Student, Inc., et al.*, Case No. CV 09-7102-R (VBKx).

4. "Decree" shall mean this Consent Decree and Order.

5. "Covered locations" shall mean Defendant's locations in Los Angeles County and Orange County (Tustin, Avalon, East San Gabriel, LA Training Center, Del Amo, St. Andrews, Pasadena, Santa Ana, Saddleback, San Fernando, and any other locations established in those counties during the term of the decree).

6. "Employee" or "employees" shall mean only those employees employed by Defendant at a covered location.

7. "Consultant" shall mean the individual designated to assist Defendant in complying with the provisions of this Decree as described in Part X and XI of this Decree.

////

2.

8. "Effective date" shall mean the date on which this Decree is entered by the Court.

9. "Term" shall refer to the period from the effective date through and including December 31, 2012.

10. "Magistrate Judge" shall refer to Magistrate Judge Margaret A. Nagle.

11. "Complaint" shall mean any verbal or written allegation of sexual / sex-based discrimination, harassment, and/or retaliation for making a complaint or being involved in the investigation of a complaint made by any employee at a covered location.

## IV.
## RELEASE OF CLAIMS

A. This Decree fully and completely resolves between Defendant and the EEOC all claims that are raised by the EEOC against Defendant in the lawsuit.

B. Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in accordance with Part VIII of this Decree.

C. Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII or any other federal employment statute.

D. This Decree in no way affects the EEOC's right to investigate or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures.

E. This Decree is intended to resolve disputed claims and is not an adjudication or finding that First Student has violated Title VII or any other federal employment statute. First Student denies that it has engaged in any violations of Title VII or any other federal employment statute and First Student's agreement to enter into this Decree is not intended to and should not be construed as an admission by First Student of any violation or liability for the claims alleged.

## V.

## **EFFECTIVE DATE AND DURATION OF DECREE**

A. The provisions and agreements contained here are effective immediately upon the date this Decree is entered by the Court.

B. The Decree shall remain in effect through December 31, 2012.

## VI.

## **MODIFICATION AND SEVERABILITY**

A. This Decree constitutes the complete understanding of the parties with respect to the matters contained here. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the parties.

B. If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect, unless the purposes of the Decree cannot be achieved despite the Parties' reasonable efforts.

## VII.

## **JURISDICTION**

A. This Court has jurisdiction over the Parties and the subject matter of this lawsuit. The terms and provisions of this Decree are fair, reasonable, and just. This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

B. The Court shall retain jurisdiction of this action during the term of the Decree for the purposes of monitoring and entering all orders, judgments, and decrees that may be necessary to implement the relief provided here.

////

////

////

# VIII.

## COMPLIANCE AND DISPUTE RESOLUTION

A. The Parties agree that if the EEOC has reason to believe that Defendant has failed to comply with any provision of this Consent Decree, the EEOC will notify Defendant's legal counsel of record, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) of the Decree that EEOC believes has / have been breached and the facts or allegations upon which EEOC bases its belief. Absent a showing by either party that the delay will cause irreparable harm, Defendant shall have thirty (30) days from receipt of the EEOC's notice of the alleged breach to attempt to resolve or cure the breach.

B. The Parties agree to cooperate with each other and use their reasonable efforts to resolve any dispute referenced in the EEOC notice.

C. If the dispute is not resolved by the Parties, the EEOC may petition the Magistrate Judge for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree and/or any other relief that the Magistrate Judge deems appropriate.

# IX.

## MONETARY RELIEF

A. In settlement of all monetary claims that were made, or could have been made, in the lawsuit, Defendant shall pay a total of one hundred and fifty thousand dollars ($150,000.00). Allocation of settlement monetary amounts for each claimant in this case shall be at the sole discretion of the EEOC.

B. On or after the effective date the EEOC shall provide a list identifying the individuals who are claimants, the amounts to be paid, and relevant identifying information, (hereafter "Distribution List") to Defendant. Within fifteen (15) days of delivery of the Distribution List to Defendant, Defendant shall send a check to each of the claimants via overnight mail, with a method of recording delivery, in the amounts specified by the EEOC. Defendant shall submit a copy of

each check and any related correspondence to Anna Park, EEOC Regional Attorney, at the office address on the caption page of this Decree, within two business days of the mailing of the checks.

C. Since the amount is designated as compensatory damages, no federal and state withholding taxes shall be made. Defendant shall prepare and distribute Form 1099 or equivalent form(s) to claimants; and shall make the appropriate reports to the Internal Revenue Service and other tax authorities.

## X.

## GENERAL INJUNCTIVE RELIEF

**A.  Discrimination Based On Sex**

Defendant, its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from: (a) harassing or permitting harassment against persons on the basis of sex in the terms and conditions of employment; (b) engaging in or being a party to any action, policy or practice that is intended or is known to them to have the effect of harassing or intimidating any employee on the basis of sex; and (c) creating, facilitating or permitting the existence of a work environment that is hostile to female employees.

**B.  Retaliation**

Defendant, its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, hereby are enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee or applicant of Defendant, or any of them, because he or she has in the past, or during the term of this Decree: (a) opposed any practice made unlawful under Title VII; (b) filed a charge of discrimination alleging such practice; (c) testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken by Defendant) in connection with this

case and/or relating to any claim of a Title VII violation; (d) was identified as a possible witness or claimant in this action; (e) asserted any rights under this Decree; or (f) sought or received any relief in accordance with this Decree.

### C.     Posting of Notice of Consent Decree

Within ten (10) days after the Effective Date and throughout the term of this Decree, Defendant shall post a full-sized copy of the Notice of Consent Decree, attached to the Decree as Attachment A, in a clearly visible location frequented by employees (i.e. break rooms or bulletin boards with other employee notices) in each of Defendant's covered locations that are operational during the term of the Decree and at Defendant's West Region office having oversight over covered locations.

### D.     Equal Employment Opportunity Consultant

1.      Within thirty days after the Effective Date, Defendant shall engage Sandra A. Marciari, Esq., hereinafter also referred to as "Consultant," who has demonstrated experience in the area of equal employment opportunity and employment discrimination, as a consultant to assist Defendant in implementation of Defendant's obligations under this Decree as specifically identified in this Section C. Defendant shall bear all costs associated with the selection and retention of the Consultant and the performance of her duties. The Consultant's responsibilities shall consist of the following:

   a.      Assisting Defendant in reviewing and/or revising its sexual / sex-based discrimination, harassment, and retaliation policies and complaint procedures as described in Section E below;

   b.      Assisting Defendant in reviewing, applying and implementing at all covered locations its policy or policies against sexual / sex-based discrimination, harassment, and retaliation and procedures handling complaints of sexual / sex-based discrimination, harassment, and retaliation to more effectively carry out its obligations under this Decree;

////

  c. Assisting Defendant in reviewing, developing and/or revising its training of managerial and staff/hourly employees at all covered locations on their rights and responsibilities under Title VII, including but not limited to the responsibilities to provide a workplace free of sexual / sex-based discrimination, harassment, and retaliation;

  d. Assisting Defendant in training all employees at all covered locations on policies and procedures relating to sexual discrimination/harassment and retaliation and ensuring that all of Defendant's managerial and human resources employees at all covered locations are trained on policies and procedures relating to sexual / sex-based discrimination, harassment, and retaliation;

  e. Assisting Defendant in monitoring and assuring the adequate investigation of all complaints of sexual / sex-based discrimination, harassment, and/or retaliation arising at any covered location;

  f. Assisting Defendant in properly communicating with complainants at all covered locations regarding the complaint procedure, status of the complaint/ investigation, results of the investigation, and any remedial action taken;

  g. Assisting Defendant in ensuring that all reports required by this Decree are accurately compiled and timely submitted;

  h. Assisting Defendant in creating a centralized system of tracking sexual / sex-based discrimination, harassment, and retaliation complaints initiated at any covered location; and

  i. Further ensuring compliance with the terms of this Decree.

**E.**  **<u>Review Of Anti-Harassment Policy And Complaint Procedure For Sex-Based Discrimination, Harassment And Any Subsequent Retaliation</u>**

 1. Within sixty (60) days of the Effective Date, Defendant, with the assistance of its Consultant, shall review and, if necessary, revise its policy against and complaint procedure for sexual / sex-based discrimination, harassment, and retaliation. The policy and complaint procedure shall include:

8.

1         a.     a clear explanation of prohibited conduct: sexual / sex-based discrimination, harassment, and retaliation;

        b.     an assurance that employees who make complaints of sexual / sex-based discrimination and harassment or provide information related to such complaints will be protected from retaliation;

        c.     a clearly described complaint process for sexual / sex-based discrimination, harassment, and retaliation that provides accessible avenues of complaint against co-workers, and complainant's supervisors, that allows for complaints to be initiated verbally, although Defendant or complainant may record the substance of the complaint later in writing;

        d.     an assurance that Defendant will protect the confidentiality of discrimination complaints to the extent possible from being disclosed to those who do not need to know;

        e.     a complaint process that provides a prompt, thorough, and impartial investigation;

        f.     a requirement that any employee in a supervisory position who receives a complaint of harassment, whether formal or informal, written or verbal, report such complaint to the human resources department within 24 hours of receiving said complaint;

        g.     a procedure for communicating with the complainant in writing regarding the status of the complaint / investigation, results of the investigation, and if any remedial action was taken; and

        h.     assurance that Defendant will take immediate and appropriate corrective action when it determines that sex-based discrimination, harassment or any subsequent retaliation has occurred.

////

////

////

9.

**F.     Distribution Of Defendant's Policies Against And Complaint Procedures For Harassment And Any Subsequent Retaliation**

   1.   Within ninety (90) days of the effective date, Defendant shall distribute a written explanation of prohibited conduct under Title VII with examples of sexual harassment; and its policy against and complaint procedure for sexual / sex-based discrimination, harassment, and retaliation to all of its employees employed at covered locations.  Defendant shall also distribute to all non-managerial employees a video/DVD explaining the prohibited conduct under Title VII with examples of sexual harassment; and its policy, and complaint procedure in conjunction with said distribution.

   2.   For the remainder of the term of this Decree, all new employees hired at covered locations shall receive within thirty (30) days of hire a written explanation of the prohibited conduct under Title VII with examples of sexual harassment; and Defendant's policy against and complaint procedure for sexual / sex-based discrimination, harassment, and retaliation.

   3.   For the remainder of the term of this Decree, all employees promoted from non-managerial to managerial positions at covered locations shall receive within thirty days of promotion a written explanation of the prohibited conduct under Title VII with examples of sexual harassment; and Defendant's policies and procedures for managerial employees relating to sexual / sex-based discrimination, harassment, and retaliation.

**G.     Training**

   1.   Within sixty (60) days of the effective date, the Defendant shall review with the Consultant and, if necessary, revise its management training to include an explanation of the prohibited conduct under Title VII with examples of sexual harassment; and its policy against and complaint procedure for sexual / sex-based discrimination, harassment, and retaliation.

////

2. Within ninety (90) days after the effective date, the Defendant shall provide training(s) to its managerial employees employed at covered locations, as well as to all human resources and management personnel from Defendant's Southwest Region whose assigned areas include covered locations, concerning an explanation of the prohibited conduct under Title VII with examples of sexual harassment; and Defendant's policy against and complaint procedure for sexual / sex-based discrimination, harassment, and retaliation.  The training shall include training on how to receive, investigate, or report to designated officials complaints of sexual / sex-based discrimination, harassment, and retaliation; and how to take preventive and corrective measures against sex-based discrimination, harassment and any subsequent retaliation.

3. By the end of August 2011, all non-managerial employees employed at covered locations shall receive training to include an explanation of the prohibited conduct under Title VII with examples of sexual harassment; and Defendant's policy against and complaint procedure for sexual / sex-based discrimination, harassment, and retaliation.

4. After the initial training described in paragraph 2 of this section for management employees employed at covered locations, Defendant shall conduct annual training (every twelve (12) months thereafter for the term of this Decree) for them on the topics described in paragraph 2 of this section.

5. After the initial training described in paragraph 3 of this section for non-management employees employed at covered locations, Defendant shall conduct annual training (every twelve (12) months thereafter for the term of this Decree) for them on the topics described in paragraph 3 of this section.

6. All employees required to attend the training sessions set forth in paragraphs 2 through 5 shall verify their attendance by signing an attendance list.

////

////

11.

# XI.

# RECORD KEEPING AND REPORTING

**A.  Record Keeping**

The Defendant shall work with the consultant to establish a record-keeping procedure that provides for the centralized tracking of complaints at covered locations.  Defendant shall also maintain the following:

1. All documents generated during the term of this Decree in connection with the making of any complaint, investigation into any complaint, or resolution of any complaint at a covered location.

2. All forms acknowledging each employee's receipt of Defendant's policy and complaint procedure against sexual / sex-based discrimination, harassment, and retaliation pursuant to Part X(E) of this Decree; and

3. A list of the dates of the training required under this Decree that shows the names and positions of all attendees for each one.  Defendant shall make the aforementioned records available to the Commission within 30 days following a written request by the Commission to Defendant.

**B.  Reporting**

The Defendant shall provide the following reports to the Commission in writing, by mail, or by facsimile on an annual basis during the term of this Decree:

1. Confirmation with attendance lists that the training required by Part X(G) of this Decree took place;

2. Confirmation that distribution of Defendant's policies and procedures required by Part X(F) of this Decree took place;

3. A document or spreadsheet summarizing all complaints of sexual / sex-based discrimination, harassment, and/or retaliation for making a complaint or being involved in the investigation of a complaint made by any employee at a covered location during the term of this Decree.

////

4. All reports under this Section B shall be directed to: U.S. Equal Employment Opportunity Commission, Attn. Regional Attorney, 255 E. Temple Street, 4th Floor, Los Angeles, CA 90012.

5. All reports under this Section B are being provided to confirm compliance with the provisions of this Decree. Neither the EEOC or any other person or entity may use the information provided to the EEOC pursuant to this Decree in any investigation or litigation involving First Student. This Decree in no way affects the EEOC's right to investigate or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures.

## XII.
## COSTS OF ADMINISTRATION AND IMPLEMENTATION OF THE CONSENT DECREE

Defendant shall bear all costs associated with its administration and implementation of its obligations under this Decree, including the costs of the Consultant.

## XIII.
## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XIV.
## MISCELLANEOUS PROVISIONS

A. During the term of this Decree, Defendant shall provide any potential successor-in-interest or prospective purchaser with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant's covered locations, and shall simultaneously inform the EEOC of same.

////

////

1           B.    During the term of this Decree, Defendant shall assure that each of
2    its affiliates, officers, managers and supervisors at covered locations is aware of any
3    term(s) of this Decree which may be related to his/her job duties.
4           C.    Unless otherwise stated, all notices, reports and correspondence
5    required under this Decree shall be delivered to the attention of the Regional Attorney,
6    Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles
7    District Office, 255 E. Temple St., 4t" Fl., Los Angeles, CA. 90012.
8    ////
9    ////
10   ////
11   ////
12   ////
13   ////
14   ////
15   ////
16   ////
17   ////
18   ////
19   ////
20   ////
21   ////
22   ////
23   ////
24   ////
25   ////
26   ////
27   ////
28   ////

1           B.    During the term of this Decree, Defendant shall assure that each of
2    its affiliates, officers, managers and supervisors at covered locations is aware of any
3    term(s) of this Decree which may be related to his/her job duties.
4           C.    Unless otherwise stated, all notices, reports and correspondence
5    required under this Decree shall be delivered to the attention of the Regional Attorney,
6    Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles
7    District Office, 255 E. Temple St., 4t" Fl., Los Angeles, CA. 90012.
8    ////
9    ////
10   ////
11   ////
12   ////
13   ////
14   ////
15   ////
16   ////
17   ////
18   ////
19   ////
20   ////
21   ////
22   ////
23   ////
24   ////
25   ////
26   ////
27   ////
28   ////

     D.    The parties agree to entry of this Decree and judgment subject to final approval by this Court.

All parties, through the undersigned, respectfully apply for and consent to the entry of this Consent Decree Order.

Dated: February 2, 2011          **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

ANNA Y. PARK

By: /s/ Anna Y. Park
Anna Y. Park
Regional Attorney
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Dated: January 27, 2011         **DEFENDANT FIRST STUDENT, INC.**

LITTLER MENDELSON
A Professional Corporation
Theodore R. Scott
Brady J. Mitchell

By: /s/ Theodore R. Scott
Theodore R. Scott
Attorneys for Defendant
FIRST STUDENT, INC.

## ORDER

GOOD CAUSE APPEARING,

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.

IT IS SO ORDERED.

Dated: FEB. 4, 2011

_____
THE HON. MANUEL REAL
United States District Court Judge

15.